## JACOB H. CLEMONS v. SAMUEL G. HENRY.

**Judicial Sale—Title of Purchaser.**

> One who buys real estate at judicial sale where the court ordering such sale has jurisdiction of the subject-matter and of the parties secures a good title.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

June 7, 1877.

OPINION BY JUDGE PRYOR: ·

In the case of *Civil's Administrator v. Civil's Heirs,* the court rendering the judgment had jurisdiction of the subject matter as well as the parties to be affected by it. The amendment filed in that case in May, 1868, sought a sale of the real estate in controversy under the provisions of Chap. 86, Rev. Stat. Mrs. Civil had become the guardian of the infants, and the property, as appears from the original petition, being indivisible, she concluded, no doubt that the most expeditious way of obtaining the means to pay creditors was to proceed under Chap. 86. A bond was executed under the amended pleading as required by law in the sale of infant's real estate, and a judgment directing a sale entered. No process having been served on the amended pleading the court below, although the infants were before the court by service in the original action, determined that no title passed to the purchaser. Whether this was error is not necessary to be decided. An amendment was subsequently filed making the wards the infants, co-plaintiffs with the guardian, and another judgment rendered and the property sold.

Under this last judgment the appellee purchased, and we think acquired a perfect title. So far as appears from the record before us there was a substantial compliance with the statute. The bond given by the guardian was to enable the chancellor to render such a judgment as would pass the title to the purchaser. No sale could have been made without such bond, and after its execution and approval by the court any amendment was proper to cure the defects, if ·any in the proceeding, and secure to the purchaser the title of the infants. This was the object in view. For this purpose the bond was executed, and although the first sale may have been properly disregarded, the chancellor having approved the bond given in that case, authorizing a sale and securing the rights of the infants, had full power to permit such amendments as were necessary to a compliance with the provisions of the statute authorizing sales of infants' real estate.

Perceiving no error in the record to the prejudice of the appellant the judgment below is *affirmed.*

*Elliott & Atchison, for appellant.*

*Barr, Goodloe & Humphrey, for appellee.*